NOT DESIGNATED FOR PUBLICATION

Nos. 124,296
124,297

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK WILLIAM STARBUCK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed March 18, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before HILL, P.J., POWELL and CLINE, JJ.

PER CURIAM: Patrick William Starbuck appeals the district court's revocation of his probation and the imposition of his underlying prison sentences in two cases which have been consolidated on appeal. We granted Starbuck's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). In its response, the State does not object to summary disposition but asks that we affirm the district court. After a review of the record, we agree with the State and affirm.

Pursuant to a plea agreement with the State in 19CR534, Starbuck pled guilty to five counts of burglary and theft and one count of possession of methamphetamine, all

1

felonies. He committed his crimes in January and February 2019. On September 11, 2019, the district court sentenced Starbuck to a presumptive aggregate sentence of 14 months in prison but granted him probation from that sentence for a period of 12 months.

A month later, on October 19, 2019, the State alleged Starbuck had violated the conditions of his probation in 19CR534 by, among other things, committing new drug crimes. These acts prompted the State to charge Starbuck in 20CR256 with possession of methamphetamine, a severity level 5 drug felony, and possession of drug paraphernalia, a misdemeanor. On March 11, 2020, the State added an additional allegation that Starbuck had violated his probation in 19CR534 by failing to report.

On August 5, 2020, and pursuant to a plea agreement with the State, Starbuck pled guilty in 20CR256 as charged. In exchange for his plea, the State agreed, among other things, to recommend that Starbuck be placed on probation instead of prison, which was the presumptive sentence for an offender who committed a crime while on probation, and that the sentence in 20CR256 run consecutive to his sentence in 19CR534. Starbuck's probation in 19CR534 would also continue despite his commission of new crimes.

On September 14, 2020, the district court sentenced Starbuck in 20CR256 to 42 months in prison but, consistent with the plea agreement, granted him a dispositional departure to probation from that sentence for 12 months. At the same hearing, Starbuck admitted to his probation violations in 19CR534; the district court imposed a 2-day intermediate jail sanction and extended his probation term for 12 months.

Shortly after, on October 2, 2020, the State alleged Starbuck had violated the terms and conditions of his probation in both cases, including the commission of a new crime, battery/domestic violence. At a probation violation hearing conducted on November 3, 2020, Starbuck admitted to some of the violations but not the commission

of a new crime. The district court imposed a 120-day intermediate prison sanction in 19CR534 and a 2-day intermediate jail sanction in 20CR256.

On July 1, 2021, the State sought to revoke Starbuck's probation, alleging that he had violated the terms and conditions of his probation by failing to report and by committing new drug crimes. At a probation violation hearing conducted on July 28, 2021, Starbuck admitted to the violations. The district court made the specific finding that Starbuck had committed new crimes while on probation and found Starbuck was no longer entitled to any intermediate sanctions as he had received all the required sanctions in 19CR534 and had been given a dispositional departure sentence in 20CR256. Accordingly, the district court revoked Starbuck's probation and ordered that he serve his underlying sentences in both cases.

Starbuck now appeals, arguing the district court abused its discretion by revoking his probation and ordering him to serve his prison sentences. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Starbuck bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2018 Supp. 22-3716. According to the law in effect at the time Starbuck committed his crimes, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are exceptions which permit a district court to

3

revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2018 Supp. 22-3716(c)(8)(A). Another is when the offender's probation was originally granted as the result of a dispositional departure. K.S.A. 2019 Supp. 22-3716(c)(7)(B).

Here, several facts are undisputed. First, it is undisputed that Starbuck exhausted his intermediate sanctions in 19CR534. Second, it is undisputed that Starbuck received a dispositional departure to probation in 20CR256. Third, it is undisputed that Starbuck committed new crimes while on probation, meaning the district court had the legal authority to revoke his probation. Moreover, Starbuck fails to persuade us why he should have been placed back on probation despite his probation officer's recommendation that he be given the opportunity at drug treatment in the residential center. Starbuck's repeated failure to comply with the conditions of probation and his commission of multiple new crimes while on probation justify the district court's revocation of Starbuck's probation. Under these facts, we have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Starbuck's probation and order that he serve his underlying prison sentences.

Affirmed.